In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 18-2899 & 18-2952

IN RE: DEVAN DENNIS and
TYEANE HALBERT,

*Debtors-Appellees*,

APPEALS OF: ILLINOIS DEPARTMENT
OF HUMAN SERVICES and
JAMES T. DIMAS,

Appeals from the United States Bankruptcy Court for the
Northern District of Illinois, Eastern Division-BK.
Nos. 18-02067 & 16-ap-00479 — **A. Benjamin Goldgar and
Deborah Lee Thorne**, *Bankruptcy Judges.*

ARGUED APRIL 15, 2019 — DECIDED JUNE 27, 2019

Before WOOD, *Chief Judge,* and BAUER and ST. EVE, *Circuit
Judges.*

BAUER, *Circuit Judge.* Devan Dennis and Tyeane Halbert
(collectively, Debtors) each owed debts to the Illinois Depart-

ment of Human Services (DHS). Dennis owed for over-payments made to her under the Illinois Child Care Assistance Program; Halbert owed for overpayments made to her under the Supplemental Nutrition Assistance Program. The Debtors each filed for bankruptcy. DHS now appeals from orders entered by the bankruptcy court in each case holding that the overpayment debts were not domestic support obligations. For the reasons that follow, we affirm the orders of the bankruptcy court.

## I. BACKGROUND

### A. Devan Dennis

Dennis applied for and received benefits under the Illinois Child Care Assistance Program to help pay her daughter's daycare tuition. In April 2009, DHS determined it had overpaid benefits to her daycare provider because Dennis failed to provide accurate information on her application about her employment. The total amount of the overpayment was $7,962.25.

In 2018, Dennis filed a Chapter 13 bankruptcy petition. DHS filed a proof of claim, arguing that the $7,962.25 overpayment debt was a priority domestic support obligation under § 507(a)(1)(B). Dennis objected, arguing the overpayment was a general unsecured dischargeable debt. The bankruptcy court agreed with Dennis, holding that her overpayment debt to DHS was not a domestic support obligation.

**B.  Tyeane Halbert**

Halbert applied for and received Supplemental Nutrition Assistance Program benefits from DHS for herself and her two minor children. From October to December 2009, Halbert received payments totaling $1,008. From August 2010 through January 2011, she received payments totaling $2,386. DHS then determined that she had failed to disclose income which resulted in a $3,394 overpayment of benefits. Halbert paid $1,473 and in 2015 DHS intercepted the remaining balance of $1,921 from her income tax refund.

Halbert filed a Chapter 7 bankruptcy petition in 2016, and claimed the intercepted funds as an exempt asset. On July 21, 2016, she filed an adversary complaint to recover the intercepted payment as an "avoidable preference" under 11 U.S.C. § 547(b). DHS argued that avoidance was barred by 11 U.S.C. § 547(c)(7) because the overpayment was a "domestic support obligation." Upon cross motions for summary judgment, the bankruptcy court ruled in favor of Halbert, holding that "such a debt is simply a debt owed for the return of benefits that should never have been paid at all. The payment made on the debt, therefore, is avoidable by the Debtor as a preference." *Halbert v. Dimas (In re Halbert)*, 576 B.R. 586, 589 (Bankr. N.D. Ill. 2017).

## II.  ANALYSIS

We review a bankruptcy court's legal conclusions *de novo*. *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007). In each case in this consolidated appeal, the bankruptcy court concluded that a debt owed to the government for the overpayment of benefits is not in the nature of a domestic

support obligation. The courts characterized the overpayment as "a debt for the return of a benefit paid to the debtor that should not have been paid in the first place." *In re Halbert*, 576 B.R. at 595, citing *In re Hickey*, 473 B.R. 361, 364 (Bankr. D. Or. 2012). We agree.

For a debt to be a domestic support obligation it must be "in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) [to a] spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated." 11 U.S.C. § 101(14A)(B). DHS argues that the debts owed are in the nature of support because the payments were intended to be used to support the Debtors' children; that they automatically retain their characterization as a domestic support obligation.

DHS's position, however, would expand the definition of domestic support obligation far beyond what is intended by the bankruptcy code. "[A]s noted by one respected treatise 'virtually any incorrect payment by the government to a household is in most cases used to provide support to the household.' Is a debt owed to the government based on an incorrect tax refund, or a debt owed to a public housing authority on a judgment for rent, to be considered 'in the nature of support'?" *In re Halbert*, 576 B.R. at 595, citing 2 Collier on Bankruptcy ¶ 101.14A, at 96.1. *See also In re Taylor*, 737 F.3d 670, 679 (10th Cir. 2013) (overpayment to a spouse not a "domestic support obligation" under Section 101(14A)(A) because it is owed to the creditor, not the supported spouse).

*In re Vanhook*, 426 B.R. 296, 301 (Bankr. N.D. Ill. 2010), is instructive. There, a creditor obtained a money judgment against a debtor for the return of child support payments after it was determined that the creditor was not the biological father of debtor's child. *Id*. at 298. When the debtor filed a Chapter 13 Bankruptcy petition, the creditor filed a proof of claim in the amount of $55,000, claiming priority as a domestic support obligation. *Id*. at 287. The bankruptcy court held that the creditor's money judgment was not a domestic support obligation. *Id*. at 302. The court concluded the creditor "should never have been assessed child support payments" and held that the fact that the creditor was "erroneously charged with and paid that support does not transform his claim for a refund into a priority classification to which it does not properly belong." *Id*.

DHS's status is similar to the creditor in *In re Vanhook*. The Debtors do not owe DHS money for support payments; they owe DHS because they received money they were not statutorily entitled to. Because such a payment is not in the nature of alimony, maintenance, or support, we agree with the bankruptcy court decision that this is merely an overpayment of benefits and not a domestic support obligation.

## III. CONCLUSION

The orders of the bankruptcy court are AFFIRMED.